# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2023

Lyle W. Cayce
Clerk

No. 22-40716
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Armando Sanchez-Esparza,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1927-1

———————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Armando Sanchez-Esparza pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. On appeal, Sanchez-Esparza challenges the substantive reasonableness of his bottom-of-the-guidelines sentence of 135 months of imprisonment.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review a preserved challenge to the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Because the district court is best able to assess the facts and make an individualized determination, our review is "highly deferential." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (internal quotation marks and citation omitted). A sentence imposed within a properly calculated guidelines range is "presumptively reasonable" and we infer that the district court considered all the factors and considerations set forth in the Guidelines and in 18 U.S.C. § 3553(a). *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). This presumption can be rebutted "only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

First, Sanchez-Esparza argues that the district court's reliance on the non-empirically-based methamphetamine Guideline rendered his sentence substantively unreasonable. His argument is foreclosed by our well-settled caselaw. *See United States v. Lara*, 23 F.4th 459, 485-86 (5th Cir.), *cert. denied*, 142 S. Ct. 2790 (2022).

Second, Sanchez-Esparza has failed to show that an important factor was overlooked, that an improper factor was given significant weight, or that there was any error in the district court's balancing of the sentencing factors. *See Cooks*, 589 F.3d at 186. We will not reweigh the sentencing factors and will not substitute our own judgment for that of the district court, as Sanchez-Esparza requests. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

AFFIRMED.